UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 0:17-cv-62156-KMM

Yazan Saleh,
Ronald E. Stevens,

    Plaintiffs,

v.

Darden Restaurants, Inc.,

    Defendant.
                                        /

## ORDER STAYING ACTION

THIS CAUSE came before the Court sua sponte. In their Class Action Complaint ("Complaint"), Plaintiffs Yazan Saleh and Ronald Stevens allege that customer receipts produced by Darden Restaurants, Inc., ("Defendant") include the type of card (credit or debit) used in each purchase, along with the expiration dates of the cards used. Compl. (ECF No. 1) ¶¶ 35–36. The failure to redact this information allegedly places Plaintiffs (and other customers) at increased risk of identity theft and violates the Fair and Accurate Credit Transactions Act ("FACTA"). *Id.* ¶¶ 39–46. Defendant has filed a motion to dismiss ("Motion") (ECF No. 6) on the grounds that Plaintiffs lack Article III standing because Plaintiffs have not alleged—and cannot plausibly allege—an injury that is "concrete, particularized, and actual or imminent . . . ." *Id.* at 6 (quoting *Clapper v. Amnesty Int'l USA*, 133 S. Ct. 1138, 1147 (2013*)); see also id.* at 1–20.

Defendant is correct that Article III standing requires that Plaintiffs establish an injury in fact, which is "a concrete and particularized, actual or imminent invasion of a legally protected interest." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 555 (1992). However, there is disagreement between courts in the Southern District of Florida about whether certain statutory violations of FACTA can by themselves constitute an injury in fact. For example, in *Bouton v. Ocean Properties, Ltd.*, 201 F. Supp.

3d. 1341, 1352 (S.D. Fla. 2016), Judge Bloom held that the disclosure of credit card expiration dates in violation of FACTA was a concrete injury in fact. However, in *Gesten v. Burger King Corporation*, No. 17-22541-CIV, 2017 WL 4326101, at *3 (S.D. Fla. Sept. 27, 2017), Judge Scola held that a receipt showing the first six and last four digits of a debit card, though a technical violation of FACTA "is not the type of harm that Congress identified in enacting FACTA" and that such a violation is not an injury for standing purposes. In his opinion, Scola recognized that his ruling conflicted with *Bouton* and other decisions in the Southern District of Florida. *Id.* at *3. Judge Moreno addressed the same issue with Burger King receipts, and, citing *Gesten*, held that the plaintiff's claim "fail[ed] to connect the alleged statutory violations with any concrete injury" and dismissed the case for lack of standing. *See Tarr v. Burger King Corp.*, No. 17-23776-CIV, 2018 WL 318477, at *4 (S.D. Fla. Jan. 5, 2018). *Tarr* is currently on appeal before the Eleventh Circuit.

The decision by the Eleventh Circuit in *Tarr v. Burger King Corporation*, Case No. 18-10279, will likely control in determining whether or not Plaintiffs have standing in the above-styled cause. In light of the Eleventh Circuit's pending decision in *Tarr*, and the likely impact the decision will have upon this action, this case is hereby STAYED. The Parties are to notify the Court of a decision by the Court of Appeals within ten (10) days of issuance of such order and, at that time, may move to reopen the matter. The Clerk of Court is instructed to administratively close this case. All pending motions are denied as moot and shall be reinstated, as warranted, upon the reopening of the matter.

DONE AND ORDERED in Chambers at Miami, Florida, this _9th_ day of February, 2018.

                                        K. MICHAEL MOORE
                                        CHIEF UNITED STATES DISTRICT JUDGE

cc: All counsel of record